UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

HAROLD C. KIND, JR.,                              Case No. 16-cv-1650-pp

               Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

               Defendant.
_____

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**
_____

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the Department of Corrections violated his civil rights. This case comes before the court on the plaintiff's motion to proceed without prepayment of the filing fee, dkt. no. 2, and for screening of the plaintiff's complaint, dkt. no. 1.

**I. THE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. Id. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the

balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 14, 2017, the court assessed an initial partial filing fee of $15.83. Dkt. No. 7. The plaintiff paid that amount on March 29, 2017. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

The PLRA also requires courts to screen any complaint brought by an inmate seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.  Factual Allegations

The plaintiff states that the Department of Corrections ("DOC") detained him for eighteen months past his Mandatory Release ("MR") date. Dkt. No. 1 at 2. He states that the DOC "took it upon there selves [sic] to change a judgment of conviction that was placed upon [him] back in 2005." Id. He says that he never knew that the Department of Corrections could override a judge's decision. He also alleges that "they state the[y] can do as they please" and that "we are being punished greatly because [we] were told we have no rights in prison." Id. The plaintiff says that he is "filing on false imprisonment and cruel

and unusual punishment," id. at 2, and seeks immediate release from prison and monetary damages for pain and suffering, id. at 3.

B.  Legal Analysis

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendant: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

The plaintiff has sued the Department of Corrections. Section 1983 allows a plaintiff to sue a "person" who deprives him of his civil rights under color of state law. The Department of Corrections is not a person, and so it is not a proper defendant in a §1983 lawsuit. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989); see also Buchanan v. Kenosha, 57 Fed.Supp.2d 675, 677-78 (E.D. Wis. 1999). A plaintiff may sue a "local government" under §1983, but only if "implementation of [that local government's] official policies or established customs inflicts the constitutional injury." Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658, 707-708 (1978).

The plaintiff alleges that he has been kept in custody long past his MR date. If that is the case, then someone—or maybe more than one person—at Oshkosh Correctional or the Department of Corrections made the decision to keep him in custody. Incarcerating a prisoner beyond the termination of his sentence without penological justification can violate the Eighth Amendment if

4

it is the product of deliberate indifference. Campbell v. Peters, 256 F.3d 695, 700 (7th Cir.2001) (citing Moore v. Tartler, 986 F.2d 682, 686 (3d Cir.1993). To prove an Eighth Amendment violation such as this, the plaintiff must show that a particular prison official knew that the plaintiff was being subjected to unwarranted punishment, that the official failed to act (or took action that was ineffectual under the circumstances), and that the official's conduct caused the unjustified detention. Moore, 986 F.2d at 686.

A person can be held liable under §1983 only if that person was personally involved in the constitutional deprivation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal [involvement]. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." Id. (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982)). He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988)).

If the plaintiff wants to proceed with this case, he must file an amended complaint: (1) identifying specific individuals who violated his constitutional rights, (2) describing what actions these individual took to violate his constitutional rights, and (3) describing what relief he seeks from those individuals. See Russell v. Lazar, 300 F. Supp. 2d 716, 720 (E.D. Wis. 2004). The plaintiff cannot seek release from prison through a §1983 action. See Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

If the plaintiff files an amended complaint, it must bear the docket number assigned to this case and must be labeled "Amended Complaint." The

5

amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See <u>Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84</u>, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In <u>Duda</u>, the appellate court emphasized that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" <u>Id.</u> at 1057 (citation omitted). If the plaintiff does not file an amended complaint by the deadline the court sets below, the court will dismiss this case without further notice or hearing for failure to state a claim.

### III.  CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** the agency having custody of the plaintiff to collect from the plaintiff's prison trust account the $334.17 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number.

The court **ORDERS** that if the plaintiff wants to proceed with this case, he must file an amended complaint, on or before **September 8, 2017**, following the court's instructions. If the plaintiff does not file an amended complaint by the date listed above, the court will dismiss the case without further notice or hearing for failure to state a claim.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>	Office of the Clerk
>	United States District Court
>	Eastern District of Wisconsin
>	362 United States Courthouse
>	517 E. Wisconsin Avenue
>	Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that failure to timely file pleadings and other documents may result in the dismissal of this case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 2nd day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**