UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

HAROLD C. KIND, JR.,

                     Plaintiff,

v.                                                           Case No. 16-cv-1650-pp

DEPARTMENT OF CORRECTIONS,

                     Defendant.

_____

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 10), AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT IN TIME FOR THE COURT TO RECEIVE IT BY OCTOBER 20, 2017**

_____

       On December 12, 2016, Harold C. Kind, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the "Department of Corrections" violated his constitutional rights. Dkt. No. 1. The court screened the complaint on August 2, 2017, dkt. no. 9, and explained to the plaintiff that the Department of Corrections, because it is not a person, was not a proper defendant in a §1983 case, id. at 4. The court ordered that on or before September 8, 2017, the plaintiff must file an amended complaint, naming a proper defendant and describing what actions that defendant took to violate his constitutional rights. Id. at 5. The court also asked the plaintiff to describe what relief he sought from whatever defendant or defendants he named. Id. The court warned the plaintiff that failure to timely file an amended complaint would result in dismissal of the case for failure to state a claim. Id. at 6.

1

On September 11, 2017, the court received from the plaintiff a document entitled "Motion to Amend Complaint." Dkt. No. 10. In the motion, the plaintiff asked to name "Judy Smith," "Parole Commissioner Drankiewicz," "Social Worker Messing," and "Record Department Tomlin" as defendants. Id. at 1. The plaintiff did not, however, attach a proposed amended complaint for the court to screen. The plaintiff also asked the court to allow him to use his release account to pay the full filing fee. Id. at 1-2.

As the court told the plaintiff in its August 2, 2017 order, the plaintiff must file a new document that labeled "amended complaint." Dkt. No. 9 at 5-6. The amended complaint must bear the docket number assigned to this case (the plaintiff's "Motion to Amend Complaint," dkt. no. 10, lists Dkt. No. 04CF361; the case number assigned to *this* case is 16-cv-1650). In the caption of the amended complaint, the plaintiff must identify specific individuals who violated his constitutional rights. In the body of the amended complaint, the plaintiff must describe what actions each individual took to violate his constitutional rights. The body of the complaint also must describe what relief the plaintiff seeks from those individuals. The court cannot look at the old complaint, dkt. no. 1, when determining whether the plaintiff stated a claim in the new complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998) (the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]").

The court will give the plaintiff one more opportunity to file an amended complaint. The court is sending, along with this order, a packet containing a

blank complaint form. The plaintiff must write the word "Amended" at the top of the first page of the complaint, next to the word "Complaint." The plaintiff must list under "Full name of defendant(s))" the name of every person he wants to sue. He must put the case number of this case—16-cv-1650—in the blank under the words "Case Number" on the first page. Next to number 2, "Defendant" at the bottom of the first page, he must again list all of the people he wishes to sue. Then, in section B ("Statement of Claim"), the plaintiff should describe what he believes each individual defendant did to violate his constitutional rights. On page 4 of the complaint form, he must describe what relief he wants from the defendants.

If the plaintiff does not file this amended complaint in time for the court to receive it by the deadline the court sets below, the court will dismiss this case without further notice or hearing for failure to state a claim.

The court also will deny the plaintiff's request to use his release account to pay the full filing fee. The Prison Litigation Reform Act requires the court to collect the filing fee from a "prisoner's account." 28 U.S.C. §1915(b). The term "prisoner's account" encompasses both a prisoner's release account and general account. Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). The language in 28 U.S.C. §1915(b)(1), however, suggests that prison officials are required to use a prisoner's release account to satisfy "an *initial partial payment* if no other funds are available." Robinson v. Tegels, No. 13-CV-198-WMC, 2013 WL 1192485, at *1 (W.D. Wis. Mar. 22, 2013) (citing Carter v. Bennett, 399 F.Supp.2d 936, 936-37 (W.D.Wis.2005). Therefore, "with the

3

exception of initial partial payments, federal courts lack authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account." Id.

The court **ORDERS** that the plaintiff's motion to amend complaint is **DENIED**. Dkt. No. 10.

The court **ORDERS** that if the plaintiff wants to proceed with this case, he must file an amended complaint (following the court's instructions above), in time for the court to receive it by the end of the day on **October 20, 2017**. If the court does not receive an amended complaint from the plaintiff by the end of the day on October 20, 2017, the court will dismiss the case without further notice or hearing for failure to state a claim.

Dated in Milwaukee, Wisconsin this 19th day of September, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**