UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HAROLD C. KIND, JR.,

      Plaintiff,

v.

              Case No. 16-cv-1650-pp

JUDY SMITH,
COMMISSIONER DRANKIEWICZ,
SOCIAL WORKER MESSING,
RECORDS DEPARTMENT TOMLIN, and,
RECORDS DEPARTMENT JOHNSON,

      Defendants.

---

**DECISION AND ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 12), DENYING SECOND REQUEST TO PROCEED WITHOUT PAYING FILING FEE (DKT. NO. 13) AND DISMISSING CASE**

---

  This order screens the plaintiff's amended complaint, dkt. no. 12, denies his second motion to proceed without paying the filing fee, dkt. no. 13, and dismisses the case.

**I. SCREENING THE AMENDED COMPLAINT**

  The Prison Litigation Reform Act ("PLRA") requires courts to screen any complaint brought by an inmate[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek

---

[1] On the date he filed his complaint, the plaintiff was in custody at the Oshkosh Correctional Institution. Dkt. No. 1. He has been released, but because he was in custody at the time he filed his complaint, the PLRA applies.

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

   a. Factual Allegations

The plaintiff does not describe the nature of the state court charges that led to his incarceration. A review of the Wisconsin Circuit Court Access Program shows one felony conviction for Harold C. Kind, Jr.— State v. Harold C. Kind, Jr., Case No. 2004CF000361 (Fond du Lac County Circuit Court) (accessible at http://wcca.wicourts.gov). The docket for that case shows that in September 2004, the plaintiff was charged in Fond du Lac County Circuit Court with sexual assault of a child. There is no indication in the docket, or in the amended complaint, of when the plaintiff committed the crime for which he was convicted. He was sentenced on April 6, 2005. Id. at Dkt. No. 65. The docket does not indicate the length of the sentence the court imposed, and the complaint does not provide that information.

The caption of the complaint names five defendants: warden Judy Smith, parole commissioner Drankiewicz, social worker Messing, and "record department Tomlin & Johnson." Dkt. No. 1 at 1. Judy Smith is the warden of the Oshkosh Correctional Institution; the court does not know whether Messing, Tomlin and Johnson worked at Oshkosh Correctional, or at the Department of Corrections, or somewhere else.

The plaintiff begins by alleging that the defendants held him two and a half years past his "M.R. date." Dkt. No. 12 at 2. He goes on to assert that defendant Tomlin (to whom he refers in the caption as "Record Department Tomlin," dkt. no. 12 at 1, and whom he calls "Records Tomlin" in the body of

3

the complaint, dkt. no. 12 at 2) petitioned the "court system" "to place a 'PMR'" on the plaintiff. Dkt. No. 12 at 2. (The docket for Case No. 2004CF000361 shows that on August 24, 2017, there was a "hearing re mandatory release calculation." http://wcca.wicourts.gov.) He alleges that his case "came to a[n] end on September 1st 2017," and that "[t]he Department of Corrections were [sic] ordered to release [him] in 72 hours." Dkt. No. 12 at 2. (The clerk's office for this court learned from the Wisconsin probation department that as of September 19, 2017, the plaintiff had a new address on Thomas Street in Fond du Lac, Wisconsin.)

The plaintiff asserts that the defendants "tortured" him, by forcing him to participate in programs "not ordered by the sentencing Judge back in the end of the 90's and beginning of 2000." Id. One of the programs—"SOTP," a sex offender treatment program—led to four people looking at him "differently," calling him "serious names" and "even threaten[ing] [him]." Id. at 3. The plaintiff alleges that "Records" and defendant Messing (a social worker) "lied" to the plaintiff "over and over again," stating that if he participated in the program, he would be released. Id. He asserts that these lies caused him hardship, pain, suffering and emotional distress. Id.

The plaintiff also alleges that "Records" and his social worker "forced" the parole commissioner (presumably defendant Drankeiwicz) to deny the plaintiff parole, "because the Records department took it upon themselves to force Fond du Lac County to place a PMR on me which was a violation of my Constitution rights." Id. The plaintiff alleges that he lost two and a half years of his life that he never can get back. Id. He seeks monetary damages for the defendants

4

having tortured him by holding him two and a half years after his "original M.R. date." Id. at 4. He also asks the court to fire each defendant. Id.

    b. Legal Analysis

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. C'nty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

    1. *Holding Plaintiff Beyond His Mandatory Release Date*

Incarcerating a prisoner beyond the termination of his sentence without penological justification can violate the Eighth Amendment if it is the product of deliberate indifference. Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993). The plaintiff must show that a prison official knew that the plaintiff was being subjected to unwarranted punishment, and that the official failed to act (or took action that was ineffectual under the circumstances) to cause an unjustified detention. Moore, 986 F.2d at 686.

Section 302.11(1) of the Wisconsin statutes provides that an inmate is entitled to "mandatory release" on parole by the Department of Corrections. "The mandatory release date is established at two-thirds of the sentence." Id. The court understands the plaintiff's references to his "M.R. date" to be references to his mandatory release date.

5

The plaintiff has not explained what sentence the state court imposed. The plaintiff has not indicated what he believes his original mandatory release date to have been. He has not explained how filing a petition for a "PMR" in court would result in him being held beyond his release date. The plaintiff's mere allegation that he was held beyond his mandatory release date, without more, is not sufficient to state a claim—certainly not a claim that any of the defendants knew that he was being subjected to unwarranted punishment, and were deliberately indifferent to that fact.

2. *The Specific Defendants*

The plaintiff has not made any specific allegations against defendants Smith, Drankiewicz or Johnson. He does not mention Smith or Johnson anywhere in the complaint other than the caption. He mentions Drankiewicz only to say that "Records" and his social worker "forced" Drankiewicz to deny him parole over and over. This is not an allegation that *Drankiewicz* knew that the plaintiff was being subjected to unwarranted punishment, or that he failed to act.

He alleges that Tomlin—who appears to work in the records department—filed a petition to "place" a presumptive mandatory release date on him. Even if an employee of the records department—which is what Tomlin appears to have been—files a document with a court, this, standing alone, does not state facts to support a claim that Tomlin knew that the plaintiff was being subjected to unwarranted punishment. The plaintiff alleges that "the social worker" lied to him; again, a "label" or "conclusion" is not sufficient to state a claim. Nor is the plaintiff's claim that "Records"—without naming any specific

6

individual—and his social worker "forced" the parole commissioner to deny him parole more than a conclusory allegation.

### 3. *Sex Offender Programming*

Finally, the plaintiff alleges that all of the defendants "forced" him to take programming—such as the Sex Offender Treatment Programming—that his sentencing judge did not order "back in the end of the 90's and beginning of 2000." Dkt. No. 12 at 3. He says that having to participate in the SOTP cause at least four people to look at him differently, and to call him names and threaten him. The plaintiff's allegation is strange—he has one felony conviction, and he was sentenced on that conviction in April 2005. It is not clear what the plaintiff means when he says that a judge in the 1990's did not sentence him to such programming. Beyond that, he does not allege that the Department of Corrections lacked authority to require him to participate in such programming (if it did).

The plaintiff alleges that four people looked at him differently, called him names and even threatened him. He does not identify these people. If these people were employees of the Department of Corrections, they might be subject to suit under 42 U.S.C. §1983 as state actors. But even a state actors verbal harassment "does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (citations

omitted). If these four people were not state actors, they are not subject to liability for civil rights violations under §1983.

The court concludes that the plaintiff has not stated a claim upon which relief can be granted.

## II. SECOND MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

When the plaintiff filed his original complaint on December 12, 2016, he also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. The court ordered him to pay an initial partial filing fee of $15.83, dkt. no. 7; the court received that payment on March 29, 2017. On August 2, 2017, in the same order in which it ordered him to file an amended complaint, the court granted the plaintiff's request to proceed without prepaying the filing fee. Dkt. No. 9.

The court received the amended complaint on October 3, 2017, and on the same day, received another request from the plaintiff to proceed without prepaying the filing fee. Dkt. No. 13. The plaintiff did not need to file this second request; the court already had allowed him to proceed without prepaying the fee. The court suspects the reason the plaintiff filed the second request is that, when the court sent him a blank complaint form to use in filing the amended complaint, the form included the application, which likely made the plaintiff think he needed to file a second application. The court apologizes to the plaintiff for any inconvenience. The court will deny the plaintiff's second motion as moot, because the court already had granted his first motion.

## III.  CONCLUSION

The court **DENIES AS MOOT** the plaintiff's second motion to proceed without prepaying the filing fee. Dkt. No. 13.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The clerk of court will enter judgment accordingly. The court of clerk also will document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 2nd day of February, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**